**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | |
|---|---|
| CHOSIE V. SINGLETON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ATLANTIC BULK CARRIER ) | C.A. No.: 8:22-cv-1147 |
| CORPORATION ) | |
| ) | |
| and ) | |
| ) | |
| ARTHUR J. ROBINSON, JR. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' NOTICE OF REMOVAL**

Defendants Atlantic Bulk Carrier Corporation ("Atlantic Bulk") and Arthur J. Robinson, Jr. ("Mr. Robinson") by counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby file their Notice of Removal of this action to the United States District Court for the District of Maryland, Southern Division. As discussed below, this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) based on diversity of citizenship and because the Plaintiff, Chosie V. Singleton, seeks judgment in excess of $75,000, exclusive of interest and costs. In further support of this Removal, Defendants state as follows:

**INTRODUCTION**

1. Plaintiff instituted this action on November 30, 2021, by filing a Complaint in the Circuit Court for Prince George's County, Maryland seeking a judgment in an amount in excess of $75,000 in compensatory damages. The state court action was assigned case number Case Number CAL21-15211.

2. Plaintiff alleges that on or about December 5, 2018, a truck belonging to Atlantic Bulk and operated by Mr. Robinson collided with Plaintiff's vehicle when they were both driving on I-495 near the Baltimore Washington Parkway and Mr. Robinson attempted to change lanes without warning.  Plaintiff further alleges the impact of the collision caused her vehicle to lose control and hit the jersey wall of the highway, and that she was injured as a result. (Compl., ¶¶ 5, 10.)

3. Plaintiff filed her Complaint naming both Atlantic Bulk and Mr. Robinson as defendants.

## GROUNDS FOR REMOVAL

I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

### A. **Removal is timely and the amount in controversy exceeds $75,000**

4. Removal is timely pursuant to 28 U.S.C. § 1446(b) because Defendants were served with Plaintiff's complaint on April 13, 2022.  As a result, the 30-day window for removal under 28 U.S.C. § 1446 expires on May 13, 2022.

5. The amount in controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of Plaintiff's Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.").

6. The Complaint states that Plaintiff "demands judgment against the Defendants jointly and individually, in an amount that exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) for non-economic damages plus interest and costs of this action."  (Compl., *ad*

*damnum*.)   Accordingly, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00 as required by 28 U.S.C. § 1332(a).

    B.    **There is complete diversity among and between the parties**

7.    As stated in Plaintiff's Complaint, Plaintiff is a citizen of Maryland.

8.    Defendant Atlantic Bulk is organized and exists under the laws of the Commonwealth of Virginia with its principal place of business in Virginia. Atlantic Bulk is therefore a citizen of Virginia.

9.    Defendant Mr. Robinson is domiciled in North Chesterfield County, Virginia and is therefore a Virginia citizen.

10.    Under 28 U.S.C. § 1441(a), removal to a U.S. District Court is permitted if the plaintiff could have originally filed the lawsuit in federal court. *See* 28 U.S.C. § 1441(a).

11.    At all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, there was and still is complete diversity between Plaintiff and Defendants Atlantic Bulk and Mr. Robinson, and removal is proper under 28 U.S.C. §§ 1332 and 1441(b).

    C.    **Venue and other requirements are satisfied**

12.    This Court has jurisdiction of this action by reason of diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(b). Venue for removal is proper in this District and Division, *see* 28 U.S.C. § 1441(a), because this District and Division embraces the Circuit Court for Prince George's County, Maryland, the forum in which the removed action was pending. 28 U.S.C. § 100. Thus, this Court is the proper venue for this action pursuant to 28 U.S.C. §1441(a).

13.    The undersigned hereby certify that Defendants join in and consent to the removal of this action.

14. Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of all process, pleadings, and orders served upon the Defendants in the original state court action as of this date are attached hereto as "**Exhibit A**" through "**Exhibit B**".

15. Pursuant to 28 U.S.C. § 1446(d), the Defendants filed a written notice of removal with the Clerk of the Circuit Court for Prince George's County, Maryland, where this action was pending, a copy (without exhibits) of which is attached hereto as "**Exhibit C**". A copy of this Notice of Removal is being served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

16. By filing this Notice of Removal, Defendants do not waive any defenses, including without limitation, failure to state a claim, lack of personal jurisdiction, improper venue or forum, all defenses specified in Fed. R. Civ. P. 12, or any other defense.

17. If any question arises regarding the propriety of the removal of this action, Defendants respectfully request the opportunity to present a memorandum and oral argument in support of the position that this case is removable, and/or to conduct discovery related to the facts that support removal.

WHEREFORE, Defendants respectfully remove this action to the United States District Court for the District of Maryland, Southern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

**ATLANTIC BULK CARRIER CORPORATION** and
**ARTHUR J. ROBINSON, JR.**

By:   _/s/  Eli Jason S. Mackey_____
Of Counsel

Eli Jason S. Mackey (#21580)
C. Stephen Setliff, Esq.
Shannon M. Kohler, Esq.
SETLIFF LAW, P.C.

4940 Dominion Boulevard
Glen Allen, Virginia 23060
Telephone:    (804) 377-1260
Facsimile:     (804) 377-1280
Email: jmackey@setlifflaw.com
          ssetliff@setlifflaw.com
          skohler@setlifflaw.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of May 2022, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing upon all parties of record to this cause by electronic notification (NEF) to the CM/ECF participating attorneys. To the extent the attorneys for the parties are not yet participating in the CM/ECF system, the foregoing document was duly served by mailing a copy to the following attorneys of record not yet participating in the CM/ECF system, in accordance with the provisions of Rule 5, Federal Rules of Civil Procedure:

> Eric F. Rosenberg
> Kiran Najeeb
> 5400 Kenilworth Avenue
> Riverdale Park, MD 20727
> erosenberg@rosenberg-fayne.com
> knajeeb@rosenberg-fayne.com
> *Attorneys for the Plaintiff*

                                             */s/ Eli Jason S. Mackey*