IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

| | |
|---|---|
| CHOSIE V. SINGLETON<br>11209 Westport Drive<br>Bowie, MD 20720 | *<br>*<br>* |
| Plaintiff | * |
| v. | *   Case No. CAC21-15211 |
| ARTHUR J. ROBINSON, JR.<br>5537 Jessup Meadows Drive<br>North Chesterfield, VA 23234 | *<br>*<br>* |
| and | * |
| ATLANTIC BULK<br>CARRIER CORPORATION<br>P.O. Box 112<br>Providence Forge, VA 23140 | *<br>*<br>*<br>* |
| SERVE:<br>Gary W. Short, CEO<br>6612 Westham Station Road<br>Richmond, VA 23229 | *<br>*<br>* |
| Defendants | * |

## COMPLAINT
(Negligence)

Plaintiff, by and through undersigned counsel, sues the Defendants and for a cause of action alleges as follows:

1. Plaintiff is an adult citizen of the United States and a resident of Prince George's County, Maryland.

2. Upon information and belief, Defendant Arthur J. Robinson, Jr. (hereinafter referred to as Defendant Robinson) is an adult citizen of the United States and a resident of the State of Virginia.

1

3. Upon information and belief, Defendant Atlantic Bulk Carrier Corporation (hereinafter referred to as Defendant Atlantic) is a Virginia corporation doing business in Prince George's County, Maryland at all times herein mentioned.

4. This cause of action arises from a motor vehicle accident which occurred in Prince George's County, Maryland.

5. On or about December 5, 2018, Plaintiff was operating her vehicle on I-495 near the Baltimore Washington Parkway. At that same time and place, Defendant Robinson was operating a tractor-trailer in the lane next to Plaintiff in the course of his employment for Defendant Atlantic. Suddenly, and without warning, Defendant Robinson struck Plaintiff's vehicle while attempting to change lanes. The impact caused Plaintiff's vehicle to lose control, hit the jersey wall, spin around, then hit the jersey wall again.

6. Plaintiff was at all times in the exercise of due care and did not contribute to the happening of the accident.

## COUNT I
(Plaintiff vs. Defendant Robinson)

7. Plaintiff incorporates herein by reference the allegations contained in paragraphs one (1) through six (6) above.

8. At the time of the collision, it was the duty of Defendant Robinson to operate the tractor-trailer in a careful and prudent manner for the conditions then existing. This duty included, but was not limited to, dedicating full time and attention to the operation of the tractor-trailer, keeping a proper lookout for other vehicles lawfully on or about the roadway, maintaining a safe distance between the tractor-trailer and other vehicles

lawfully on or about the roadway, changing lanes only when it was safe to do so, refraining from striking other vehicles lawfully on or about the roadway, operating the tractor-trailer at the posted speed limit, and otherwise obeying the vehicular laws of the State of Maryland.

9. Defendant Robinson breached these duties when he struck Plaintiff's vehicle while attempting to change lanes. The accident was caused by Defendant's failure to pay full time and attention to the operation of the tractor-trailer, keep a proper lookout for other vehicles lawfully on or about the roadway, maintain a safe distance between the tractor-trailer and Plaintiff's vehicle, change lanes only when it was safe to do so, avoid striking other vehicles lawfully on or about the roadway, operate the tractor-trailer at the posted speed limit, and his failure to otherwise obey the vehicular laws of the State of Maryland.

10. As a direct and proximate result of the conduct of Defendant Robinson, Plaintiff sustained a loss of property and injuries to her person, some of which may be permanent in nature. Plaintiff has also suffered and will continue to suffer from anxiety and post-traumatic stress as well as great pain of body and mind; has incurred and will continue to incur medical and out-of-pocket expenses; has lost and will continue to lose time and wages from employment; and has and will be otherwise damaged in the future.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and individually, in an amount that exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) for economic damages plus interest and costs of this action.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and individually, in an amount that exceeds SEVENTY-FIVE THOUSAND DOLLARS

($75,000.00) for non-economic damages plus interest and costs of this action.

## COUNT II
(Plaintiff vs. Defendant Atlantic)

11. Plaintiff incorporates herein by reference the allegations contained in paragraphs one (1) through ten (10) above.

12. At all times herein mentioned, Defendant Robinson was operating a vehicle owned by Defendant Atlantic with its consent and permission in the scope of his employment for Defendant Atlantic.

13. Defendant Atlantic is liable for the conduct of Defendant Robinson occurring during the course of said employment pursuant to the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and individually, in an amount that exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) for economic damages plus interest and costs of this action.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and individually, in an amount that exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) for non-economic damages plus interest and costs of this action.

Respectfully submitted

ROSENBERG & FAYNE, LLP

By: *[signature]*
Eric F. Rosenberg
AIS #9312160110
erosenberg@rosenberg-fayne.com

By: *[signature]*
Kiran Najeeb
AIS #180050002
knajeeb@rosenberg-fayne.com

Attorneys for the Plaintiff
5400 Kenilworth Avenue
Riverdale Park, Maryland 20737
Phone: (301) 864-2900
Fax: (301) 864-2903

## JURY DEMAND

Plaintiff demands a trial by jury on all issues herein.

*Eric F. Rosenberg*
Eric F. Rosenberg
Attorney for Plaintiff